NOT FOR PUBLICATION                                      (Doc. Nos. 41 & 58)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
:
CITY OF CAPE MAY,                        :
                                         :        Civil No. 14–8119 (RBK/KMW)
                     Plaintiff,          :
                                         :        **OPINION**
          v.                             :
                                         :
KIMMEL BOGRETTE ARCHITECT +              :
SITE INC., et al.,                       :
                                         :
                     Defendants.         :
_____  :

**KUGLER**, United States District Judge:

 This matter comes before the Court upon its Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction (Doc. No. 58). Plaintiff City of Cape May submitted a brief responding to this Court's Order to Show Cause on February 22, 2016 (Doc. No. 59). For the reasons set forth below, the matter shall be dismissed. Defendant Fralinger Engineering, P.A.'s ("Defendant Fralinger") motion to dismiss for failure to state a claim (Doc. No. 41) shall be denied for lack of subject matter jurisdiction.

 Federal courts are courts of limited subject matter jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court therefore must be assured of its own jurisdiction throughout all stages of litigation. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Plaintiff brought this case pursuant to 28 U.S.C. § 1331. *See* Pl.'s Am. Compl. at 4. Plaintiff therefore has the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377.

The parties are not diverse, and Plaintiff's sole basis for original jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Pl.'s Am. Compl. at 2–4. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists where "federal law creates the cause of action[.]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). But Plaintiff does not plead any cause of action created by federal law. *See generally* Pl.'s Am. Compl. Plaintiff pleads state law claims for breach of contract, negligence, and unjust enrichment, among others. *See generally id*.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over a state law claim only if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. at 808 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). But "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat. Bank*, 299 U.S. 109, 115 (1936). To confer jurisdiction, a federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313–14 (2005)). This test applies to determine "arising under" jurisdiction pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1338(a). *See id.* at 1064. The Supreme Court has "interpreted the phrase 'arising under' in both sections identically, applying [its] § 1331 and § 1338(a) precedents interchangeably." *Id.*

2

Plaintiff does not bring any cause of action created by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq.* The mere mention of the NFIA and its implementing regulations in Plaintiff's Amended Complaint does not necessarily raise a federal issue. Plaintiff asserts that, for example, Defendant Kimmel Bogrette Architect + Site Inc. ("Defendant Kimmel") breached its contract with Plaintiff by "among other things, failing to properly design the Project, and/or failing to prepare the Project plans and specifications with sufficient detail and information, and/or by failing to abide by City, County, State and/or Federal regulations in the development of the design preparations of plans, specifications and construction administration." Pl.'s Am. Compl. at 8. Simply asserting that Defendant Kimmel breached its contractual obligations by failing to abide by federal regulations does not necessarily raise a disputed federal issue. This Court could resolve Plaintiff's breach of contract claim against Defendant Kimmel without analyzing the meaning of the federal regulations mentioned. Because Plaintiff's Amended Complaint does not necessarily present a federal issue on its face, Plaintiff has not met its burden to establish the existence of federal jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 392.

This Court must inform Plaintiff that it has leave to amend its deficient complaint "within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It would be futile in this case to permit Plaintiff to amend its complaint. Perhaps Plaintiff could amend its complaint to necessarily raise a disputed federal issue on its face. But Plaintiff's response to this Court's Order to Show Cause failed to demonstrate that this case involves a *substantial* federal issue (Doc. No. 59). As the Supreme Court explained in *Gunn*, "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." 133 S. Ct. at 1066. Plaintiff argues that its claims

raise a substantial federal issue because of the importance of "uniformity in the application of federal laws and rulings and the Federal Flood Insurance Program Regulations." *See* Pl.'s Br. at 12. This Court acknowledges that there is a federal interest in the uniform application of federal law and regulations.[1] But the federal interest in uniformity cannot alone satisfy the substantiality inquiry. Otherwise, every necessarily raised and disputed federal issue would be substantial and confer federal jurisdiction. As the Supreme Court explained, state courts will follow federal precedents where they exist, and a federal court will "at some point" decide any novel questions of federal law that arise in a state court "case within a case[.]" *Gunn*, 133 S. Ct. at 1067. "If the question arises frequently, it will soon be resolved within the federal system, laying to rest any contrary state court precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests." *Id.*

Plaintiff has the burden of establishing jurisdiction, *Kokkonen*, 511 U.S. at 377, and it has failed to convince this Court that its claims involve any substantial federal issue. The Supreme Court has set a high bar for substantiality. *See Gunn*, 133 S. Ct. 1066–68. Plaintiff's claims appear to be "fact-bound and situation-specific" and do not present any "pure issue of [federal] law[.]" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Plaintiff admits that its newly-constructed Cape May Convention Center is "uniquely located" and a "rare" project. Pl.'s Br. at 9. In the absence of a substantial federal issue, it would disrupt the federal-

---

[1] Plaintiff cites *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367 (1943) to support its argument about the desirability of a uniform rule of law. But *Clearfield* was about choice of law rules, not about jurisdiction. *See id.* The Supreme Court in *Clearfield* held that the strong federal interest in uniformity in that case demanded the application of federal common law instead of state law. *See id.* That concern is not relevant to this case. Furthermore, state courts are "competent to apply federal law, to the extent it is relevant[.]" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

state balance approved by Congress for this Court to decide Plaintiff's state law contract and tort claims.

Congress considered jurisdictional issues in enacting the NFIA. *See, e.g.,* 42 U.S.C. § 4104 (federal jurisdiction for administrative appeals); 42 U.S.C. § 4053 (exclusive federal jurisdiction for claims against insurers regarding disallowance of flood insurance claims). The Third Circuit "held that district courts have original exclusive jurisdiction over cases arising from improper handling of Policy claims[.]" *C.E.R. 1988 Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, 268 (3d Cir. 2004). But Plaintiff's case does not arise from the improper handling of any flood insurance claims. Plaintiff's claims for breach of contract, negligence, and unjust enrichment "involve[] no right created by federal statute." *See Empire*, 547 U.S. at 697. Congress could have created a federal private cause of action against contractors that "fail[] to abide by . . . Federal regulations in the development of the design preparations of plans, specifications and construction administration." Pl.'s Am. Compl. at 8. This Court has "no warrant to expand Congress' jurisdictional grant 'by judicial decree.'" *Empire*, 547 U.S. at 697 (*quoting Kokkonen*, 511 U.S. at 377).

Because this Court does not have original jurisdiction over any of Plaintiff's claims, the matter shall be dismissed. Defendant Fralinger's motion to dismiss for failure to state a claim (Doc. No. 41) shall be denied for lack of subject-matter jurisdiction.

Dated:    02/29/2016                                           s/ Robert B. Kugler

                                                                              ROBERT B. KUGLER

                                                                              United States District Judge